UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
―――――――――――――――――――――――――――――――――――
TARRENCE KONARD ASH

                              Petitioner,

    -v.-
                                                   9:08-CV-980

SUPERINTENDENT,                                   (NAM/GJD)

                              Respondent.
―――――――――――――――――――――――――――――――――――

TARRENCE KONNARD ASH
91-A-3368
Petitioner, *pro se*

THOMAS B. LITSKY, Assistant Attorney General,
for Respondent

ANDREW T. BAXTER, United States Magistrate Judge

## REPORT and RECOMMENDATION

     Petitioner, Tarrence K. Ash, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1). In this application, petitioner challenges an April 25[1], 1991, judgment of conviction from the Greene County Court. (Petition ("Pet.") ¶¶ 1–2; Dkt. No. 1). Petitioner was convicted after a jury trial of Criminal Possession of a Controlled Substance, First Degree[2] and was sentenced to a term of fifteen years to life imprisonment that was later reduced to 17½ years "flat." (Pet. ¶¶ 3–6). Petitioner's

---

    [1] The petition states that petitioner's conviction was in "April or May of 1991," however, the court has determined that the date of conviction was actually April 25, 1991. *See People v. Ash*, 191 A.D.2d 739, 594 N.Y.S.2d 366, 367 (3d Dep't 1993), *lv. denied*, 81 N.Y.2d 1069, 601 N.Y.S.2d 589, 619 N.E.2d 667 (1993).

    [2] The court notes that although petitioner mentions only the drug charge, the Appellate Division stated in its decision affirming the conviction that petitioner was convicted of unspecified "prohibitions on the use and possession of firearms." *People v. Ash*, 191 A.D.2d 739, 594 N.Y.S.2d at 367.

conviction was affirmed by the Appellate Division on March 4, 1993. (Pet. ¶ 9(a)–(d) & *People v. Ash*, 191 A.D.2d 739, 594 N.Y.S.2d 366, 367 (3d Dep't 1993)). The New York Court of Appeals denied leave to appeal on June 4, 1993. (Pet. ¶ 9(e) & *People v. Ash*, 81 N.Y.2d 1069, 601 N.Y.S.2d 589, 619 N.E.2d 667 (1993)). Petitioner claims that he filed a motion to vacate his conviction in Greene County Court pursuant to N.Y. Crim. Proc. Law § 440.10. (Pet. ¶ 11). Petitioner does not indicate when he filed the motion, but claims that no disposition has ever been rendered. (Pet. ¶ 11(d)).

Petitioner has completed a form-petition, which in an introductory paragraph lists possible claims that petitioners may raise as paragraphs 12(a) through 12(j). (Pet. ¶ 12). Paragraph 12 then has spaces for petitioners to list their specific grounds for relief, together with a subsection where petitioners may list the supporting facts for each ground. (Pet. ¶¶ 12(A)–(D)). Petitioner appears to state five grounds for relief, only some of which he associates with the possible grounds listed on the form (Pet. ¶¶ 12, 13).[3]

(1) The prosecutor made improper remarks on summation. (citing (k)).

(2) Petitioner's due process rights were violated because the state court never rendered a decision in his section 440.10 motion, preventing petitioner from exhausting his state court remedies. (citing (l)).

---

[3] Paragraph 13 actually asks whether any of the grounds listed in 12A, B, C, and D were not previously presented in any court and why petitioner did not present those grounds. Unfortunately, the ground that petitioner lists in paragraph 13 (ineffective assistance of counsel) is ***not*** one of the grounds listed in 12A, B, C, or D, and there is no indication why petitioner did not raise that ground in any state court. Thus, petitioner's answer to the question in paragraph 13 is not responsive to the question asked, and it is unclear whether petitioner means to raise ineffective assistance of counsel in this petition. The court will assume that petitioner is attempting to raise ineffective assistance of counsel as a claim in this petition.

2

    (3)    Petitioner's conviction was obtained by the use of "coercion." (citing ¶ 12(b), which deals with coerced confessions).

    (4)    "Discovery Material" (citing ¶ 12(f), which deals with the failure of the prosecution to turn over favorable material).

    (5)    Ineffective assistance of counsel.

Petitioner was granted permission to proceed *in forma pauperis* on December 10, 2008. (Dkt. No. 5). Respondent filed a response on February 20, 2009, including the relevant state court records, and a supporting memorandum of law. (Dkt. Nos. 11, 12, 13).

## DISCUSSION

**1.**    **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. *Id.* § 2244(d)(1)(A). If a direct appeal is filed, the judgment of conviction becomes final ninety days after the date that the New York Court of Appeals denies leave to appeal. *Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001).

Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; the date on which the constitutional right on which petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was

newly recognized *and* made retroactively applicable; or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B), (C), and (D).

In this case, petitioner did not state the dates that his conviction was affirmed by the Appellate Division and that leave to appeal to the New York Court of Appeals was denied. This court has determined, from the reported decisions in petitioner's criminal appeals, that the Appellate Division affirmed petitioner's conviction on March 4, 1993 and the New York Court of Appeals denied leave to appeal on June 14, 1993. *People v. Ash*, 191 A.D.2d 739, 594 N.Y.S.2d 366, 367 (3d Dep't 1993), *lv. denied*, 81 N.Y.2d 1069, 601 N.Y.S.2d 589, 619 N.E.2d 667 (1993). There is no indication that petitioner filed a petition for certiorari in the United States Supreme Court. Thus, petitioner's conviction became final on September 12, 1993, ninety days after the New York Court of Appeals denied leave to appeal.[4]

The effective date of the AEDPA was April 24, 1996. Petitioners whose convictions became final *prior to* the effective date of the statute have a one year grace period from the effective date of the statute within which to file their federal petitions for habeas corpus. *Ross v. Artuz*, 150 F.2d 97, 101–103 (2d Cir. 1998).

---

[4] The ninety day time period is the time that petitioner would have had to seek direct review of his conviction in the United States Supreme Court and must be counted for purposes of the AEDPA statute of limitations. *Williams v. Artuz*, 237 F.3d at 150–51 (discussing the statutory requirement that the statute of limitations begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review") (citing 28 U.S.C. § 2244(d)(1)(A)).

Thus, petitioner in this case would have had until April 24, 1997 to file his federal petition. The petition in this case was postmarked[5] September 12, 2008, **more than ten years after the statute of limitations expired**. Thus, unless the statute of limitations has been tolled, this petition is time-barred. The court will, thus, consider whether the statute of limitations has been tolled in this case.

## 2.      Tolling of the Statute

The AEDPA provides that the one-year limitations period will be tolled while a state court post-conviction motion is pending. 28 U.S.C. § 2244(d)(2). The tolling provision only applies if the post-conviction motion was "properly filed" and if it was pending within the one-year limitations period. *Smith v. McGinnis*, 208 F.2d 13, 16 (2d Cir.) (*per curiam*), *cert denied*, 531 U.S. 840 (2000). Simply filing a post-conviction motion does not re-start the limitations period, and it excludes from the limitations period only the time that the motion remained undecided, including the time during which an appeal from the denial of the motion was taken. *See Bennett v. Artuz*, 199 F.3d 116, 120–21 (2d Cir. 1999), *affd*, 531 U.S. 4 (2000).

Petitioner in this case states that he filed a section 440.10 motion to vacate his conviction in Greene County Court, and that one of the reasons that he is filing this habeas petition is that he has never received a decision on his section 440.10 motion, which is preventing petitioner from exhausting his state court remedies. In this

---

[5] Although the petition was not actually filed until September 15, 2008, the "mailbox rule" provides that a document is considered filed with the court the day that it is given to prison authorities for mailing. *See Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001). Even assuming that the petitioner gave the petition to authorities on September 11, 2008, the day that he signed the petition, the application is still time-barred.

application, however, petitioner did not indicate the date that he filed the alleged section 440.10 motion. (Pet ¶ 11). As stated above, this section 440.10 motion would only toll the statute of limitations if it had been filed *prior to the expiration of the statute of limitations* on April 24, 1997.

Although petitioner did not include the date that he filed his section 440.10 motion in this application, this is not the first petition for habeas corpus that petitioner has filed in the Northern District of New York challenging the same conviction. Petitioner filed an application for habeas relief on January 26, 2007. *Ash v. LeClaire*, 9:07-CV-107. The court notes that 07-CV-107 was dismissed on July 10, 2007 because petitioner failed to provide either the filing fee or file a motion to proceed IFP after he was instructed to do so twice by the court. (Dkt. Nos. 2, 4). A review of the application that petitioner filed in 07-CV-107 shows that petitioner stated that he filed his section 440.10 motion in **1995**. Petitioner listed the claims that he raised in his section 440.10 motion, and they appear to be almost identical claims to those that he raises in this application, including ineffective assistance of counsel. (Dkt. No. 1 in 07-CV-107).

In 07-CV-107, petitioner's first ground for relief was that, although he filed his section 440.10 motion in New York State Supreme Court in Greene County in 1995, the court never rendered a decision, and the failure to decide petitioner's motion was preventing him from exhausting his state court remedies and filing a petition for federal habeas corpus. (Dkt. No. 1 in 07-CV-107, Pet. ¶¶ 11, 12). In another section of that petition, petitioner stated, however, that the "court <u>possibly</u> never even

6

received the petitioner's 440.10." *Id.* at ¶ 12(d)(7).

It is unclear what petitioner means when he states that the court "possibly" did not receive the petitioner's motion to vacate, and thus it is unclear that petitioner's section 440.10 motion was "properly filed," or whether it was filed at all. If it is true that the motion to vacate was properly filed, and petitioner has not had a decision on the motion to date, then the pendency of the motion to vacate during the entire time between 1995 and the filing of this petition would toll the statute of limitations. If, however, the motion to vacate was not properly filed, then this petition is time barred, absent any equitable tolling. Initially, the court could not determine whether the petition was time barred based upon the information provided in the petition, thus, the court did not make any findings regarding the statute of limitations, and allowed service of the petition.[6] (Dkt. No. 5).

This court now has additional information, and it appears that the state court never received his section 440.10 motion. Included with respondent's answer is the sworn declaration of Thomas B. Litsky, Assistant Attorney General. The declaration

---

[6] The court is also aware that petitioner has filed actions in the Western District of New York. *See Ash v. Goord*, 1:06-CV-677 (W.D.N.Y. May 11, 2007) (Larimer, D.J.) (civil rights case dismissed *sua sponte* with prejudice as frivolous). In 06-CV-677, plaintiff/petitioner mentioned requesting a review of the section 440.10 motion. (Dkt. No. 8 at p.1). Plaintiff also filed *Ash v. Zuber*, 1:08-CV-56, a civil rights action that is currently pending. In District Judge Siragusa's initial order, he dismissed part of the action because Mr. Ash was attempting to challenge his parole violation decision. Judge Siragusa stated that Mr. Ash would have to file a petition for writ of habeas corpus after exhausting his state court remedies. *Ash v. Zuber*, 08-CV-56, 2008 U.S. Dist. LEXIS 45636, *2–3 n.2 (W.D.N.Y. June 3, 2008). Finally, petitioner filed *Ash v. Executive Director, et al.*, 1:08-CV-243. This final case was a civil rights action that was dismissed *sua sponte* on August 26, 2008, by District Judge Larimer. (Dkt. No. 4). In *Ash v. Executive Director*, Mr. Ash was attempting to challenge a state sentence which appeared to be for a parole violation.

indicates that Assistant Attorney General Litsky could find no record of petitioner's section 440.10 motion with the Green County Supreme and County Clerk's office, the late Judge Battisti, Jr.'s chambers, the Green County Court, or the District Attorney. (Litsky Decl. ¶¶ 4–7).  Petitioner has not responded or otherwise disputed this information.  Accordingly, with no record of any properly filed section 440.10 motion, this court finds that the AEDPA statute was not statutorily tolled.

3.     **Equitable Tolling**

Although the AEDPA does not specifically provide that the statute of limitations may be tolled for any reasons other than the pendency of a state post-conviction motion, in "rare and exceptional circumstances," the court may equitably toll the limitations period.  *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004).  In order to warrant equitable tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted).  In *Diaz*, the Second Circuit reaffirmed the availability of equitable tolling in the appropriate circumstances.  *Id.*

Although petitioner stated in his 2007 habeas that it was "possible" that the court never received his alleged section 440.10 motion, petitioner does not indicate that he attempted to contact the court, nor did he, in all the time that has passed, ever resubmit his state court motion.  It is unclear how he made the determination that the state court never received his documents, but it is clear that petitioner has not acted

8

with due diligence in pursuing his rights.  Petitioner has made no showing that would merit equitable tolling of the statute, and this court finds that petitioner's petition is therefore time-barred.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the Petition be **DENIED** and **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated: April 28, 2010

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge